UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF SHELDON,

    Plaintiff,

v.

SAN QUENTIN STAFF, et al.,

    Defendants.

Case No. 23-cv-03555-AMO (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

## I. INTRODUCTION

Plaintiff Jeff Sheldon, a state prisoner currently incarcerated at Wasco State Prison, filed the above-titled civil rights action under 42 U.S.C. § 1983 raising allegations related to his incarceration at San Quentin State Prison ("SQSP") from 2018 to 2023. The Court will grant Sheldon's motion for leave to proceed *in forma pauperis* in a separate written Order.

The Court now conducts its initial review of Sheldon's complaint pursuant to 28 U.S.C. § 1915A. The Court ultimately finds that the following pleading deficiencies require the complaint be dismissed with leave to amend. Sheldon has also filed a "Request for Investigator," Dkt. 8, which the Court construes as a request for appointment of counsel and denies it.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

   A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

2

### B.     Review of Sheldon's Legal Claims

Sheldon's complaint names: "San Quentin Staff, The Torture Squad, Top Secret Torture, [and] Premeditated Torture." Dkt. 4 at 1. Under the "Parties" section, Sheldon lists the following defendants from whom he seeks monetary damages: "California employees, The California Correctional Officers at [SQSP] in [the] U.S.A.[,] Position East Block 3rd Tier Offic[ers] A. Mahmood and V. Aquino, Sergeant A. Morgan, Lieutenants S. Willingham [and] Captain R. Escalera." *Id.* at 2, 3. The allegations in the complaint seem to cover a span of time from 2018 through 2023, during which period Sheldon was incarcerated at SQSP. *Id.*

While Sheldon has attempted to fill out the civil rights complaint form, under the section labeled "Statement of Claim" he begins the single paragraph by handwriting the following: "Top secret torture by the California Correctional Officers at [SQSP] in California U.S.A. Torture by Technology[.] The greatest torture by technology in American and California [h]istory. It started May 2018 [to] July 30th, 2023." *Id.* at 3. He further attempts to elaborate by stating:

> The federal government who approved this technology and has financed it for [a] decade closed down their website, which I have the website. The CIA who hung up the phone on me in 2022. It's [been] 5 years and 2 months of premeditated torture by the staff at [SQSP]. It[s] . . . 200 plus staff . . . who have all played a role in this top secret torture squad for a torture confession. This is NO joke. You American [j]udges need to wake up [and] drink some coffee. Get back to school and educate yourselves on 21st century technology . . . [and] [t]he Federal Government and California Government . . . top secret torture.

*Id.* at 3. Under the "Relief" section, Sheldon states: "I want compensation for the 5 years and 2 months so far of premeditated torture by technology." *Id.*

The complaint is not manageable in its present form. Sheldon repeatedly claims throughout his complaint that he was "[t]orture[d] by technology." *See id.* As alleged, these claims are factually frivolous, and on that basis the Court dismisses them. *See Neitze v. Williams*, 490 U.S. 319, 327-28 (1989) (28 U.S.C. § 1915(d) gives the courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.") The Court also finds these claims should be dismissed because, in their present form, they are "argumentative, prolix, replete with redundancy and largely

3

irrelevant." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) (holding that such a complaint is properly dismissed for failure to comply with Rule 8(a)'s requirement of a short and plain statement of a plaintiff's claim).

The complaint will be dismissed with leave to amend. To assist Sheldon in structuring his Amended Complaint, the amendment must be on the Court's form for prisoner section 1983 complaints. In his Amended Complaint, Sheldon must fill out the form and write out a complete statement of his claim. Sheldon should not choose to bypass filling out the complaint form by attaching exhibits as the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is Sheldon's obligation to write out a complete statement of his claim in his Amended Complaint.

Sheldon should keep in mind that he is suing individuals, so in order to state a claim he must present facts which make it plausible that each individual somehow violated his constitutional rights. It may be that using separate numbered paragraphs would make it easier to understand and organizing the claim section of the complaint into a section of facts, then a section of federal claims, and then a section of state law claims.

### 1.     Exhaustion of Administrative Remedies

Even if Sheldon is able to amend his claims, a question which must be answered before Sheldon can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

4

excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.* at 741.  The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record.  *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003).  Therefore, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  *Id.*

Here, it is not clear if the claims raised in Sheldon's complaint have been exhausted through the administrative grievance procedure at SQSP.  Sheldon leaves blank almost the entire section labeled, "Exhaustion of Administrative Remedies," except for listing his "[p]lace of present confinement" at the time he filed his complaint as "Wasco State Prison Reception Center."  Dkt. 4 at 1.  Because Sheldon fails to provide information relating to the exhaustion or to attach any relevant grievance forms, the Court is unable to determine if Sheldon satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, it appears that Sheldon's claims may be unexhausted and subject to dismissal.  Therefore, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each SQSP defendant before he filed this action.  If Sheldon did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### 2. Joinder

A plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate

5

complaints.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).  Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*  The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed so that it may proceed separately.  Fed. R. Civ. P. 21.

Here, Sheldon lists multiple named defendants and numerous doe defendants, along with the entire SQSP staff.  The instant complaint appears to raise certain claims – albeit frivolous i.e., the claim that he was being "torture[d] by technology" – stemming from conditions of confinement that Sheldon found objectionable during his incarceration at SQSP between May 2018 through July 2023.  It could be that his claims against these named SQSP defendants and doe defendants could possibly cover a broad array of different incidents by different individuals over the course of more than five years.  In his Amended Complaint, Sheldon may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Sheldon may not include in a single complaint everything that has happened to him over a five-year period that he finds objectionable.  He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

### 3. Rule 8

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the

1  complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to
2  relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and
3  direct." *See McHenry*, 84 F.3d at 1179 (affirming dismissal of complaint that was "argumentative,
4  prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in
5  pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the
6  claim and the "grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotation and citation
7  omitted). A complaint that fails to state the specific acts of the defendant that violated the
8  plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United*
9  *States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be
10 imposed on an individual defendant only if the plaintiff can show that the defendant proximately
11 caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th
12 Cir. 1988). As explained above, a supervisor may be liable under section 1983 only upon a
13 showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal
14 connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*,
15 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section
16 1983. *Taylor*, 880 F.2d at 1045.
17  Here, Sheldon's claims cannot proceed as pleaded because he has not directly linked *all* of
18 the named SQSP defendants to his allegations. Specifically, it seems that each of Sheldon's
19 claims is brought against numerous defendants, some of whom either are not mentioned in his
20 "Statement of Claims" section, or are linked only in a conclusory manner to his claims. Further,
21 while it is not clear, some of the named SQSP defendants seem to be supervisory officials, against
22 whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.*

### 4. Claims Against Doe Defendants

24 Sheldon tries to name "California employees[,] [and] [t]he California Correctional
25 Officers" at SQSP as doe defendants, whose names he apparently intends to learn through
26 discovery. *See* Dkt. 4 at 2. However, Sheldon fails to describe them and, as mentioned above, he
27 has not link them to any constitutional violations. *See id.* Although the use of "John Doe" to
28 identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637,

642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Here, because the Court dismisses the complaint for failure to connect any defendants to Sheldon's claims, it is not an appropriate time for the Court to provide Sheldon discovery to identify any doe defendants. As such, the Court DISMISSES any claims against doe defendants with leave to amend, so that Sheldon may identify the defendants and link them to his claims. If Sheldon is unable to provide the doe defendants' names, then he must describe each doe defendant and specifically explain how they are connected to his allegations. Failure to do so will result in dismissal of these doe defendants without prejudice to Sheldon filing a new action against them.

### 5. Summation

In sum, Sheldon's complaint is not manageable in its present form. He has failed to provide adequate information for the Court to determine whether his allegations state cognizable claims for relief with respect to each of the named SQSP defendants who were allegedly responsible for Sheldon's alleged injuries at the time he was incarcerated at SQSP. Furthermore, Sheldon has failed to allege that he has properly exhausted his claims. Sheldon also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Sheldon will be given leave to file an Amended Complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While Sheldon must, in filing his Amended Complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Sheldon need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Sheldon should provide a concise statement identifying each SQSP defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Sheldon's constitutional rights, as well as the injury resulting

1  therefrom. Additionally, Sheldon should not name any defendant who is linked solely in his
2  respondent superior capacity or against whom Sheldon cannot allege facts that would establish
3  supervisorial liability.

4  In addition, if Sheldon chooses to amend his claims against the "California employees[,]
5  [and] [t]he California Correctional Officers" at SQSP, he must explain their connection to his
6  claims and provide to the Court either their names or more specific descriptions of these doe
7  defendants. Failure to do so will result in dismissal of these doe defendants without prejudice to
8  Sheldon filing a new action against him or her.

9  Finally, Sheldon is reminded that his claims must be set forth in short and plain terms,
10 simply, concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal. *See*
11 *McHenry*, 84 F.3d at 1177-78. To facilitate this, the Court directs Sheldon to limit his Amended
12 Complaint to at most **forty (40) pages or less**. **If Sheldon fails to comply with these pleading**
13 **requirements, the Court will dismiss his proposed Amended Complaint.** *Id.*

### III. MOTION FOR APPOINTMENT OF COUNSEL

15 Sheldon's motion for appointment of counsel (Dkt. 8) is DENIED for want of exceptional
16 circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*
17 *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (holding that there is no constitutional right to
18 counsel in a civil case). This denial is without prejudice to the Court's *sua sponte* appointment of
19 counsel at a future date should the circumstances of this case warrant such appointment.

### IV. CONCLUSION

21 For the foregoing reasons, the Court orders as follows:
22 1. Sheldon's complaint is DISMISSED with leave to amend in order to give him the
23 opportunity to file a **simple, concise and direct** Amended Complaint which:
24 a. States clearly and simply each claim he seeks to bring in federal court as
25 required under Rule 8, and he should:
26 i. Set forth **each claim** in a separate numbered paragraph;

9

     ii. Identify **each SQSP defendant** and the **specific action or actions each SQSP defendant took, or failed to take**, that allegedly caused the deprivation of Sheldon's constitutional rights; and

     iii. Identify the injury resulting **from each claim**;

  b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each SQSP defendant** before he filed this action;

  c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Sheldon may not list everything that has happened to him over a five-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

     i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

     ii. Present questions of law or fact common to **all SQSP defendants**;

  d. **Does not** make conclusory allegations linking each SQSP defendant by listing them as having "direct involvement" to his claims without specifying how each SQSP defendant was linked through their actions;

  e. **Does not** name any SQSP defendant who is linked solely in his or her respondent superior capacity or against whom Sheldon cannot allege facts that would establish either supervisorial or municipal liability; and

  f. **Does not** exceed **forty (40) pages** in length.

2. Sheldon's claims against the "California employees[,] [and] [t]he California Correctional Officers" at SQSP are DISMISSED with leave to amend to link them to his claims and provide to the Court either their names or more specific descriptions of these doe defendants. Failure to do so will result in dismissal of these doe defendants without prejudice to Sheldon filing a new action against him or her.

3. Within **twenty-eight (28) days** from the date of this Order, Sheldon shall file his Amended Complaint as set forth above. Sheldon must use the attached civil rights form, write the case number for this action—Case No. 23-cv-03555-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended

Complaint completely replaces the original complaint, Sheldon must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Sheldon wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Sheldon's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4. It is Sheldon's responsibility to prosecute this case. Sheldon must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. Sheldon's "Request for Investigator," which the Court construed as a request for appointment of counsel, is **DENIED**. Dkt. 8.

6. The Clerk shall send Sheldon a blank civil rights form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: January 19, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

11